IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM NUGENT, individually and on behalf of others similarly situated<br><br>*Plaintiff*<br><br>v.<br><br>PIONEER ENERGY SERVICES CORP.<br><br>*Defendant* | §§§§§§§§§§§ CIVIL ACTION NO. 19CV1409 |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

This is a collective-action for wages owed. Defendant, Pioneer Energy Services Corp. ("Pioneer"), operates a drilling business that conducts business throughout Texas. Plaintiff worked as a Tool Pusher performing a variety of manual labor, such as operating equipment in connection with drilling activities. Plaintiff regularly worked far more than 40 hours per workweek but was not paid any overtime compensation. Instead, Pioneer willfully misclassified Plaintiff (and other similarly situated workers) as exempt from the Fair Labor Standards Act. Plaintiff's job duties, as well as similarly situated workers, do not fit within any exemption to the FLSA's overtime requirements. Plaintiff brings suit on behalf of himself and all other similarly situated employees to recover unpaid overtime, liquidated damages, attorneys' fees and expenses, and any other relief the Court deems just and proper.

1

## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff William Nugent is a citizen of Liberty County, Texas. He was formerly employed as a Tool Pusher for Pioneer until August 2017. Throughout his employment with Pioneer, he regularly worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation.

2. Defendant Pioneer Energy Services Corp. is a Texas Corporation which can be served through its registered agent CAPITOL CORPORATE SERVICES, INC., 206 E 9TH ST STE 1300, AUSTIN, TX 78701-44110.

3. This Court has jurisdiction over the Plaintiff's claims pursuant to 29 U.S.C. § 201, *et seq.*, under 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. Venue lies within this district, pursuant to 28 U.S.C. § 1391, because Defendant reside in this judicial district and because a substantial part of the events giving rise to the claim occurred within this district.

## III. FACTS

5. At all pertinent times, Pioneer has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(r) and (s), 29 U.S.C. § 203(r) and (s).

6. Defendant is or was, at all relevant times, Plaintiff's "employer" as that term is defined by 29 U.S.C. § 203(d).

7. Plaintiff is or was an "employee" of Pioneer as that term is defined by 29 U.S.C. § 203(e).

8. Pioneer performs drilling services at oil and gas wells located throughout the state of Texas. To perform these services, Pioneer employs different types of employees to install equipment, perform drilling activities, monitor the operations, and uninstall and load up equipment. Included in the list of employees that perform these tasks are Drilling Hands and Tool Pushers.

9. The named Plaintiff held the position of "Tool Pusher." A Tool Pushers primary duty is to operate the drilling rig. Tool Pushers do not have the authority to hire or fire other employees, and any suggestions or recommendations regarding hiring, firing, advancement, promotion or other change in status are not given particular weight.

10. Pioneer classified the named Plaintiff, Mr. Nugent, and others as exempt employees and did not pay them overtime.

11. Pioneer's Tool Pushers typically worked 60 to 80 hours per week.

12. The named Plaintiff, Mr. Nugent, and other similarly situated employees, worked 40 or more hours in at least one or more workweek during the past three years. Pioneer did not pay Plaintiff, Mr. Nugent, and other similarly situated employees, any overtime premium when these employees worked more than 40 hours in a workweek. Plaintiff, and those similarly situated, are entitled to payment for any hours worked over 40 in a workweek at one-and-a-half times their regular rate of pay.

3

## IV. COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act on behalf of all persons who were, are, or will be employed by Pioneer at any time during the past three years and who were wrongfully classified as exempt employees.

14. Plaintiff's claim for violations of the FLSA may be brought and maintained as an" opt-in" collective action as prospective members of the FLSA are similarly situated to Plaintiff.

15. There are numerous questions of law and fact common to the collective action as a whole, including:

    a. Whether Defendant is an employer under the meaning of the Fair Labor Standards Act;

    b. Whether Defendant improperly classified similarly situated employees as exempt from the requirements of the Fair Labor Standards Act;

    c. Whether Defendant's violations of the Fair Labor Standards Act were willful; and

    d. Whether Defendant wrongfully failed to pay overtime compensation at a rate of at least one-and-a-half times their regular rate of pay for any hours worked in excess of forty (40) per week in violation of the FLSA.

## V. FLSA: FAILURE TO PAY OVERTIME

16. Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference all paragraphs above as if they were set forth herein.

17. The FLSA requires an employer to pay its employees overtime compensation of at least one-and-a-half times their regular rate for time worked in excess of 40 hours per week.

18. Plaintiff and other similarly situated employees routinely worked far in excess of 40 hours per week.

19. Despite working in excess of 40 hours per week for a period of several years, Plaintiff and other Tool Pushers were not paid overtime compensation for hours worked in excess of 40 hours per week.

20. Pioneer has willfully violated the FLSA by failing to pay the overtime due to Plaintiff and others similarly situated.

21. Upon information and belief, despite the job titles held by Plaintiff and others similarly situated, Defendant knew or should have known that the positions held by Plaintiff and others similarly situated did not meet the requirements for the executive, administrative, or other exemptions to the FLSA, and therefore, overtime compensation was required to be paid to Plaintiffs for all hours they worked in excess of 40 hours per week.

22. Defendant knowingly, willfully, or in reckless disregard carried out illegal pattern or practice of failing to pay overtime compensation. Defendant decision to not properly pay overtime compensation to Plaintiffs was neither reasonable nor in good faith.

23. Pursuant to 29 U.S.C. §§ 207, 216, Pioneer owes compensation to Plaintiff, and others similarly situated, for overtime work including any back wages owed for

overtime work. Pioneer also owes an additional amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and similarly-situated individuals, Plaintiff seeks to represent, respectfully request this Court:

a.   Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b.   Enter a declaratory judgment that the practices complained of herein are unlawful under Federal law;

c.   Enter a permanent injunction restraining and preventing Defendant from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

d.   Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly-situated employees are entitled;

e.   Award Plaintiff and all FLSA Class members compensatory damages in an amount equal to the unpaid overtime wages from three (3) years prior to this lawsuit through the date of trial;

f.   Award Plaintiff and all FLSA class members liquidated damages in an amount equal to their compensatory damages;

g.   Award Plaintiff and all other similarly-situated employees all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

h.      Grant Plaintiffs and all other similarly-situated employees all such further relief as the Court deems just and appropriate.

## VII. JURY DEMAND

Plaintiffs demand a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

SULLINS, JOHNSTON, ROHRBACH & MAGERS

/s/: David M Medearis
DAVID M. MEDEARIS, TBA #24041465
Fed. I.D. No. 557586
H. DAN JOHNSTON, TBA #10837500
Fed. I.D. No. 10877
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
Tel. (713) 521-0221
Fax  (713) 521-3242
dmedearis@sjrm.com
djohnston@sjrm.com
Attorney-in-Charge for Plaintiff
William Nugent, individually and on behalf of others
 similarly situated